## Seed Leaf Tobacco Growers Co. v. Lebanon Mutual Ins. Co.

*Fire insurance—Location of goods insured—Mistake in policy.*

1. Where, in an action on a fire insurance policy to recover a fire loss, the statement sets forth that on an application for insurance on certain tobacco in the plaintiff's warehouse, at a certain number and street in Lancaster, a policy was issued on the property described, but instead of Lancaster the name of Marietta was by mistake substituted as the location of the tobacco, a question of law raised by statutory demurrer, that the policy covered goods in Marietta, whereas the loss was at Lancaster, should be decided against the defendant, as the plaintiff has a right on the trial to show the intent of the parties and that a mistake was made in the policy.

2. An insurance policy, like other contracts, may be reformed on account of accident or mistake, and a latent ambiguity may be explained by extrinsic testimony.

Affidavit of defence raising question of law.   C. P. Lancaster Co., May T., 1924, No. 31.

*H. Frank Eshleman*, for plaintiff.

*S. R. Zimmerman* and *S. P. Light*, for defendant.

LANDIS, P. J., Jan. 17, 1925.—The plaintiff corporation owned a warehouse at Nos. 536-8 North Charlotte Street, in the City of Lancaster, in which was contained certain leaf tobacco packed or in process of packing and in bulk and in cases, full and empty, his own or sold, but not removed. On April 15,

Seed Leaf Tobacco Growers Co. v. Lebanon Mutual Ins. Co.

1923, it placed, through H. A. Gantert, a written order for insurance against loss by fire on this tobacco in the defendant company through J. W. Brandt, its agent. The application showed that the tobacco was in the warehouse of the plaintiff located at and known as Nos. 536-538 North Charlotte Street, Lancaster, Pa. The said agent for the defendant issued and delivered to the plaintiff a policy for $2000, but in the same he described the warehouse as Nos. 536-538 North Charlotte Street, Marietta, instead of Nos. 536-538 North Charlotte Street, Lancaster, Pa. It is alleged in the statement that the agent of the company defendant, when he issued the policy, knew that the goods were at Lancaster, Pa., and that the word Marietta was simply an inadvertent typographical error made by the defendant's stenographer. There is no street called North Charlotte Street in Marietta, and there is no warehouse there numbered Nos. 536-538 North Charlotte Street. A fire occurred at the Lancaster warehouse, and notice was given and due proofs of loss were filed with the defendant company. The loss was adjusted at $11,300, and the defendant company's share of the same was $1923.73. Upon its failure to pay, this suit was brought. The defendant has filed an affidavit of defence raising a question of law, and it asks that judgment be entered in its favor, for the reason that the policy attached to the statement shows that the insurance covers goods contained in a warehouse Nos. 536-538 North Charlotte Street, Marietta, whereas the statement itself shows that the fire occurred and the goods destroyed were contained in a warehouse Nos. 536-538 North Charlotte Street, Lancaster, Pa.

In Weisenberger v. The Harmony Fire and Marine Ins. Co., 56 Pa. 442, Thompson, C. J., said: "It has been often said that a policy of insurance with its clauses, conditions and stipulations is the law of the legal relation between the insurers and insured, by which their mutual rights and liabilities are to be understood and measured. . . . In this respect, an insurance is like other contracts, liable to be reformed on account of accident or mistake and set aside for fraud; so a latent ambiguity may be explained by extrinsic testimony, and terms of art, commerce or trade defined by the same process. But it is not an exception otherwise to the rule that its terms must stand, unless for some of the reasons mentioned it may be moved from the precise terms written."

In Noel v. Pymatuning Mutual Fire Ins. Co., 130 Pa. 523, it was held that, in an action to recover for a loss by fire on Feb. 9, 1887, the question was, not whether, under the evidence, the policy should be reformed to a five-year policy from July 12, 1882, on the ground of mutual mistake, but whether, as a question of fact, the limitation as to time was not a clerical error and the actual intent of the parties the issuance and acceptance of a policy for five years.

A like proposition presents itself under the statement. It would seem that a mistake was made by the clerk who made out the policy in misstating the location of the warehouse. If this is true, the plaintiff has the right, upon a trial, to show it, and that the intent of the parties was to insure property in a warehouse located in Lancaster and not in Marietta. The statement properly avers the mistake, and, when sustained by proof, is sufficient to warrant a recovery on the policy. If this proposition is correct, then the defendant is not entitled to have the case decided in its favor as a matter of law.

The question is now decided in favor of the plaintiff and against the defendant, and the defendant may file a supplemental affidavit of defence to the averments of fact of the statement within fifteen days of the filing of this opinion.          From George Ross Eshleman, Lancaster, Pa.